UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PIONEER CARRIERS, LLC | § | CASE NO. 16-36356-H4-11 |
| | § | (Chapter 11) |
| | § | |
| | § | |
| Debtor | § | |

**EMERGENCY MOTION FOR AUTHORITY TO PAY
<u>PREPETITION COMPENSATION TO CONTRACTORS</u>**

[AUTHORIZATION TO PAY BASED ON TESTIMONY AND HEARING FOR USE OF
CASH COLLATERAL ON DECEMBER 15, 2016]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND ACOPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE BOHM:

Pioneer Carriers, LLC (the "Debtor") hereby moves the Court for authority to pay prepetition contractors obligations incurred in connection therewith and respectfully represent:

**Jurisdiction**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**2. Background**

3. On December 12, 2016 (the "Commencement Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor owns and operates tractor / trailers for the movement of crude oil. The Debtor has an ongoing agreement for moving the crude oil. Debtor operates in south Texas.

5. The Debtor has independent operators who drive its tractors and trailers and independent operators.

6. The independent contractors who drive and operate vehicles for the Debtor are critical to the operations of the Debtor. If the contractor / drivers are not timely paid, they will cease work. If they cease working, the Debtor's business will stop.

7. The Debtor also has other contractors that manage and oversee the daily operations of the Debtor and are critical to the operations of the Debtor.

8. The Debtor requested and obtained approval for the use of cash collateral on December 15, 2016. The cash collateral budget includes the amounts needed to be paid to the contractors. This court has approved the funds for the payments requested herein.

9. At the hearing, the Debtor testified as to the critical need to pay the contractors and

drivers for payroll due in December. This Court stated that the testimony of the Debtor was sufficient to approve the payment of the critical contractors by the Debtor, subject to the filing of this motion.

### 3. Compensation to Contractors

10. *Payroll*. In the ordinary course of its business, the Debtor incurs obligations to its contractors for the performance of services.

11. The Debtor's contractors are paid on the fifth (5th) and twentieth (20th) day of each month. The contractors need to be paid on December 20, 2016.

### Relief Requested

12. By this Motion, the Debtor requests, pursuant to sections 363(b), 549, and 105(a) of the Bankruptcy Code, that the Court authorize the Debtor to pay the prepetition contractors and driver obligations described above, and to pay amounts to the contractors in respect thereof as they come due in the ordinary course of business.

13. Specifically, the Debtor requests that the Court authorize the Debtor to pay earned and unpaid compensation and reimburseable expenses, if incurred (collectively, the "Prepetition Contractor Obligations") to the persons and in the amounts as listed on Exhibit A hereto. Exhibit A does not separate pre-petition amounts from post petition amounts. Exhibit A lists the total obligations for each person to be paid by the Debtor on December 20, 2016, which includes pre petition and post petition amounts.

14. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court grant the motion in all respects to permit the Debtor to pay the contractors listed on Exhibit A the amounts as listed on Exhibit A for the prepetition obligations on December 20, 2016, and grant the Debtor such other

and further relief as it deems just and proper.

DATED:	December 19, 2016

                                                        Respectfully submitted,

                                                        By:/s/ *Reese W. Baker*
                                                        Reese W. Baker
                                                        TBA#01587700
                                                        courtdocs@bakerassociates.net
                                                        5151 Katy Freeway, Ste. 200
                                                        Houston, Texas 77007
                                                        713-869-9200
                                                        Fax 713-869-9100

                                                        *ATTORNEYS FOR*
                                                        *DEBTOR, PIONEER*
                                                        *CARIERS, LLC*

## CERTIFICATE OF EMERGENCY

     The undersigned certifies that an emergency exists.  The payment to critical contractor / drivers is essential for the Debtor to continue its operations.  The Debtor testified as to the critical nature of the payments at the hearing for use of cash collateral.

                                                        /s/  Reese W. Baker
                                                        _____
                                                        Reese Baker

CERTIFICATE OF SERVICE

Service List for Emergency Motion for Use of Cash Collateral

*Service provided to creditors or parties in interest as indicated below names*

**All** *creditors or parties in interest on electronic filing were served by ECF by the clerk on December 19, 2016.*

All **with emails or** *faxes were served on December 19, 2016.*

All **notices with only mail addresses** *have not been served.*

*Electronic Service by the Clerk of Court*

John P Dillman on behalf of Creditor Harris County
Houston_bankruptcy@publicans.com

Christine A March on behalf of U.S. Trustee US Trustee
christine.a.march@usdoj.gov

John S Mayer on behalf of Creditor Commercial Credit Group Inc.
jmayer@rossbanks.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Matthew T Wright on behalf of Creditor Equify Financial, LLC
mtw@wrightlawgroup.net

**Other Notices**

**Allegiance Bank of Texas**
8727 W. Sam Houston Parkway
North Suite 200
Houston  Texas  77040
Email:  gary.henderson@allegiancebank.com

Allegiance Bank of Texas
PO Box 41307
Houston, Texas  77241
See above

Bank of America
P.O. Box 53137 Phoenix, AZ

85072
By U.S. mail

CAN Capital
2015 Vaughn Road
Building 500, Suite 500
Kennesaw, GA 30144
Email:JSpidell@cancapital.com
DHardy@cancapital.com

Corporate Service Company PO
Box 2576
Springfield, IL
See below

Corporate Service Company 801
Adlai Stevenson Drive Springfield,
IL  62703
Phone:  866-403-5272
No fax or email
211 E 7th Street Ste 620
Austin, Texas  78701

Crestview  Financial
61 West 13490 South Draper
UT 84020
Email:anthony@inadvancecap.
com

CT Lien Solutions
2727 Allen Parkway Ste  100
Houston, Texas  77019
Phone:800-833-5778

Everest Business  Funding
5 West 37th Street 2nd Floor
New York, NY  10018
Phone:  877-740-5372

In Advance Capital Crestview
Financial Company 1450 Broadway,
Suite 802 New York, NY  10018
Email:  anthony@inadvancecap.com

JP Morgan Chase
P.O. Box 52045 Phoenix, AZ
85072-2045
By US mail

Mimosa Farms PO
Box 17203
San Antonio, Texas     78217-0203
By US Mail _____

NMAC
Nissan
PO Box 650680
Dallas, Texas  75265-0680
By US Mail

Pilot Flying J
22 Center Street Freehorn, NJ
07728
Email:carol.piazzolla@ac
collect.com

Procredit
548 Market Street #35697 San
Francisco, CA  94104
By US mail

Santex Idealease 4300
Highway 90  East
San Antonio, Texas     78219
Email:  johnperez@idealease.com

Shore Funding  Solutions
2  Huntington Quadrangle #407 N
Melville, NY  11747
See below

Shore Funding Solutions 2500
Discovery  Blvd
Rockwall, Texas     75032
Email:  jaguilar@sfscapital.com
hbryant@sfscapital.com

Strategic Funding
211-D Bulifants Blvd.

Williamsburg, VA
By US Mail

Synergy Capital
160 Pearl Street, 6th Floor New York, NY  10005
By US Mail

TDECU
1001 FM 2004
Lake Jackson, TX  77566-4012
Email:  mail@tdecu.org

Vital Capital
c/o Shore Funding Solutions 1501 Broadway
New York, NY  10036
info (@) vitalcapfund.com

Web Bank
215 South State Street, Suite 1000
Salt Lake City, UT  84111
Phone:  801-456-8356
Called

WEX Fleet One
613 Bakertown Road
Antioch, TN    37013
Email:  customercare@fleetone.com

December 19, 2016

*/s/  Reese W. Baker*
Reese W. Baker