**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 16-36356-H4-11 |
|  | § | Case No. 17-30551-H4-11 |
| **PIONEER CARRIERS, L.L.C.** | § |  |
| AND | § | Jointly administered under |
| **TRANSPORT DRY FREIGHT, L.L.C.,** | § | Case No. 16-36356-H4-11 |
|  | § |  |
| **Debtors** | § | Chapter 11 |

## ORDER ALLOWING CONTINUED USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

On December 12, 2016 (the "Petition Date"), Pioneer Carriers, LLC (the "Debtor") filed its voluntary petition under Chapter 11 of the U.S. Bankruptcy Code (the "Code"). The Debtor filed its emergency motion for use of cash collateral, as such term is defined in 11 U.S.C Section364 ("Cash Collateral"), on December 12, 2016, at docket #2. The Debtor has multiple secured creditors including without limitation, Commercial Credit Group ("CCG"), Equify Financial, LLC ("Equify"), Allegiance Bank of Texas ("Allegiance Bank"), Texas Dow Educators Credit Union ("TDECU"), NMAC ("NMAC"), Shore Funding Solutions ("Shore"), Crestview Financial ("Crestview"), Vital Capital ("Vital"), Web Bank ("Web Bank") and possibly others (collectively, the "Secured Lenders"). The emergency motion to use cash collateral was granted on December 16, 2016, at docket #13 and this court granted further use of cash collateral on January 6, 2017, at docket #29. The right to use cash collateral was continued to January 12, 2017. The Debtor filed an emergency motion requesting the continued use of cash collateral on January 13, 2017, at docket #40. The order was granted by an order entered on January 17, 2017, at docket #48. The court continued the use of cash collateral by order entered on February 10, 2017, at docket #59.

This Court entered an order for joint administration of the case of Pioneer Carriers with Transport Dry Freight on March 6, 2017, at docket #72.

The court further continued the use of cash collateral by order entered on April 4, 2017, at docket #86. The use of cash collateral was continued to June 30, 2017.

The Debtor filed a budget for continued use of cash collateral at docket #118.

Commercial Credit Group has informed this court that it is not opposed to the budget filed at dockt #118. Equify has informed this court that it is not opposed to budget at docket #118.

Upon consideration of the arguments, pleadings, and other factors, this Court finds that good cause exists for continuing the use of cash collateral and the authority to use cash collateral is continued. It is hereby

ORDERED, that

1. The use of cash collateral is continued and extended as set forth herein.
2. No objections to the continued use of cash collateral have been filed.
3. The Debtor shall be, and hereby is, authorized to use cash which may constitute Cash Collateral on the terms and conditions set forth in this Order. The Debtor is authorized to use cash which may constitute Cash Collateral in accordance with the budget that is attached hereto as Exhibit A (the "Budget"); provided however, that the Debtor may exceed the Budget by up to ten percent (10%) for emergency or absolute necessities. The Debtor is further authorized, but not directed, to make payments as set forth in the Budget.
4. The Debtor's right to use Cash Collateral shall continue through _____, 2017.

5. The Debtor shall file by _____, 2017, a proposed budget for another _____ days.  Unless a party files an objection to such budget within fourteen (14) days of the budget being filed, the proposed budget as filed by the Debtor shall be deemed approved and authorized for the period of time in the budget.  If a party objects within the time limitations, this Court will conduct a hearing on the newly proposed budget on _____, 2017, at _____ o'clock \_\_m.

6. The Debtor shall file with this Court at the end of the period a reconciliation of all budgeted amounts.  Upon request of any secured creditors, the Debtor shall deliver to such secured creditor any other financial documents as shall be reasonably requested.

7. As adequate protection of the Secured Lenders' interests for Debtor's use of its Cash Collateral, the Court hereby grants, from and after the Petition Date, the Secured Lenders (without necessity of the execution by Debtor of additional mortgages, security agreements, pledge agreements, financing statements, or other documents) replacement security liens on and replacement liens on all categories of property of the Debtor and its Estate (the "Replacement Liens"), whether now existing or hereafter acquired or arising, to the same extent and priority upon which any of the Secured Lenders held prepetition liens and security interest and all proceeds, products, accounts, or profits thereof including, without limitation, the collateral owned by the Debtor as of December 12, 2016 (the "Petition Date") unless otherwise provided herein (collectively, the "Post-Petition Collateral").

8. The security interests and Replacement Liens granted herein shall not extend to chapter 5 causes of action of the Debtor's bankruptcy estate.

9. The Replacement Liens granted herein shall maintain the same priority, validity and enforceability as the Secured Lenders' liens on the Prepetition Collateral. The Secured Lenders shall not be required to file or serve financing statements, notices of liens or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens. The security interests and liens granted to the Secured Lenders under this Order shall be evidenced by the entry of this Order.

10. Debtor shall keep all property securing the Secured Lenders' indebtedness free and clear of all further post petition liens, encumbrances and security interests; provided that nothing in this Order shall prohibit the Debtor from seeking credit pursuant to section 364( c) of the Bankruptcy Code.

11. Notwithstanding any other provision in this Order to the contrary, the post petition security interest and Replacement Liens granted in this Order shall not extend to fees payable to the United States Trustee pursuant to 28 U.S.C. 1930.

12. The Debtor shall (a) continue to keep the Collateral full insurance coverage against all loss, peril and hazard, and (b) pay any and all post petition taxes, assessments and governmental charges with respect to the Collateral.

13. The Debtor shall provide evidence of insurance coverage to any Secured Lender within ten (10) days of written request of insurance coverage to counsel for the Debtor.

14. Notwithstanding anything in this order to the contrary, the rights of the Debtor or its bankruptcy estate to challenge the validity, extend or priority of the security interests and liens in or to any of the Collateral by any of the Secured Lenders are specifically reserved and preserved.

15. The Debtor shall timely file all required reports and make all required payments due to the U.S. Trustee during the pendency of this case.

16. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____

                                              _____
                                              Jeff Bohm
                                              United States Bankruptcy Judge

Approved:

| | |
|---|---|
| */s/ Reese W. Baker* | */s/ John Mayer* with permission (see attached) |
| Reese W. Baker | John Mayer |
| Baker & Associates | Ross Banks |
| 5151 Katy Freeway Ste 200 | 7700 San Felipe |
| Houston, Texas 77007 | Houston, Texas 77063 |
| 713-869-9200 | 713-626-1200 |
| Attorneys for the Debtors | Attorneys for Commercial Credit Group |

*/s/ Jared Rougeau* with permission (see attached)
Jared Rougeau
12620 FM 1960 W, A-4, Box 304
Houston, Texas 77065
855-737-5384
Attorneys for Equify Financial, LLC