

ENTERED
06/28/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-36356-H4-11 |
| PIONEER CARRIERS, LLC and | § | |
| TRANSPORT DRY FREIGHT, LLC | § | CHAPTER 11 |
| DEBTORS | § | |

### AGREED ORDER TO MODIFY THE AUTOMATIC STAY FOR ONE PETERBILT TRUCK, TWO VOLVO TRUCKS, AND FOUR HEIL TRAILERS
(80)  (119)

Debtors, Pioneer Carriers, LLC and Transport Dry Freight, LLC and Creditor, Equify Financial LLC ("Equify"), hereby stipulate and agree to the following Order to Modify Automatic Stay for one Peterbilt truck, two Volvo trucks, and four Heil trailers under 11 U.S.C. § 362(a) and for waiver of the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) (the "Order").

1.  On December 12, 2016, Debtor Pioneer Carriers filed for protection under Chapter 11 of the Bankruptcy Code. On February 1, 2017, Transport Dry Freight filed for protection under Chapter 11 of the Bankrupty Code.

2.  Debtors made a Promissory Note to Equify dated October 25, 2016 (the "Agreement"), wherein Equify financed Debtors' purchase of certain equipment (the "Equipment"), more specifically described as:

    a.  Heil DDC S1 8,400 Gallon Double Conical Crude Oil Tank Trailer bearing VIN 5HTDL4421E3G46583

    b.  Peterbilt 389 Conventional Non-Sleeper Truck Tractor bearing VIN 1XPXD49XXFD242448

    c.  Heil DDC S1 8,400 Gallon Double Conical Crude Oil Tank Trailer bearing VIN 5HTDL4420F3G46611

    d.    Heil DDC S1 8,400 Gallon Double Conical Crude Oil Tank Trailer bearing VIN 5HTDL4426F3G46631

    e.    Heil DDC S1 8,400 Gallon Double Conical Crude Oil Tank Trailer bearing VIN 3H4DL4426F3G46684

    f.    Volvo VNL64T Conventional Non-Sleeper Truck Tractor bearing VIN 4V4NC9TH3EN155286

    g.    Volvo VNL64T Conventional Non-Sleeper Truck Tractor bearing VIN 4V4NC9TH7EN155727

3.    Under the terms of the Agreement, Debtors undertook responsibility to make monthly payments and to maintain insurance on the Equipment, among other obligations.

4.    Equify and Debtors are in agreement that Debtors will make monthly adequate protection payments, and that if Debtors fail to make such protection payments, or fail to perform their nonmonetary obligations under the Agreement, Equify will be permitted to enforce its interests now subject to the automatic stay.

5.    Equify and Debtors consent to entry of this order, as evidenced by the signatures of their respective counsel below.

Therefore, pursuant to the agreement between the parties, and good cause appearing and being hereby found, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    Beginning on May 15, 2017, and on the 1st day of each month thereafter (staring June 1, 2017) until confirmation of a Chapter 11 Plan in the above referenced case, Debtors shall pay to Equify the amount of $3,500.00 as adequate protection against Equify's loss of interest in the Equipment due to time and use of the Equipment (the "Protection Payments"). Time is of the essence in making the Protection Payments.

2.  The Protection Payments shall be applied to the principal amounts owed by the Debtors to Equify.

3.  In addition to making the Protection Payments as described by this Order, the Debtors shall fully perform and comply with all other nonmonetary obligations under the Agreement including, but not limited to, proper maintenance of, and insurance coverage for, the Equipment.

4.  The Debtors shall make the Equipment available to Equify, or its agents, for inspection, provided that any inspection shall take place wherever the Equipment is located and shall be scheduled during normal business hours (9 a.m. to 5 p.m. prevailing local time) on a date and time reasonably convenient to both the Debtors and the inspecting party.

5.  The Debtors shall provide to Equify's counsel proof of insurance coverage on the Equipment immediately upon entry of this Order. Upon further request, from time to time, the Debtors shall provide Equify with proof of insurance coverage on the Equipment.

6.  It shall constitute an event of default if the Debtors fail to fully, completely and timely comply with each and every term and condition of this Order. Upon an event of default, Debtors shall have ten (10) days from the mailing of a letter by Equify to Debtors and Debtors' attorney by Certified Mail and the sending of an email to the Debtors at pedro.lagos@pioneercarriers.group.com and to counsel for the Debtors at courtdocs@bakerassociates.net to cure such Default. If Debtors fail to cure such Default within ten (10) days after the mailing of a letter and sending the emails informing of such Default, the Automatic Stay shall terminate in its entirety and lift as to Equify and the Equipment without further action or order by this Court. Equify may then exercise its rights upon the Equipment under

the Agreement and state law, including but not limited to, taking all actions to obtain possession of the Equipment.

7. There shall be a maximum of two (2) default notices sent to Debtors for failure to comply with all the terms and provisions of this Order. If a default occurs after the second notice, the automatic stay shall terminate in its entirety and lift as to Equify and the Equipment without further action or order by this Court, and Equify may exercise its rights upon the Equipment under the Agreement and state law, including but not limited to, taking all actions to obtain possession of the Equipment.

8. Nothing in this Order shall prevent Equify from seeking any other or further relief with respect to the Agreement or the Equipment under the United States Bankruptcy Code (11 U.S.C. §§ 101, et. seq.) or otherwise.

9. Equify is authorized to (a) receive funds directly from the Debtors or from the Debtors' estate in connection with this Order and the Agreement, and (b) file or serve any instruments or documents evidencing, perfecting, or protecting their respective interests in the Equipment.

10. Payments shall be made by wire pursuant to instructions provided to Debtors by Equify or its counsel.

11. The Debtors are authorized to execute and deliver all instruments, agreements, and other documents that Equify may request to effectuate any terms of this Order.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

13. The 14-day stay under Fed. R. Bankr. P. 4001(a)(3) is waived and this Order is effective as of the date of signing.

**AND IT IS SO ORDERED.**

DATED: **6/28/2017**

UNITED STATES BANKRUPTCY JUDGE

APPROVED:

WRIGHT LAW GROUP, PLLC

By:  /s/Jared A. Rougeau                       .
    Matthew T. Wright
    State Bar No. 24053563
    Southern District of Texas Bar No. 771405
    Jared A. Rougeau
    State Bar No. 24093076
    Southern District of Texas Bar No. 2961730
    12620 FM 1960 Road West
    Suite A-4, Box 304
    Houston, Texas 77065
    Tel: 855-737-5384
    Fax: 866-496-1006

ATTORNEYS FOR EQUIFY FINANCIAL, LLC

*/s/ Reese W. Baker*
Reese W. Baker
Baker & Associates
5151 Katy Freeway, Ste 200
Houston, Texas 77007
Tel. 713-869-9200
Fax: 713-869-9100

**ATTORNEY FOR DEBTORS**